# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ROSEMARY NEAL, | ) | |
|                 Plaintiff, | ) | |
| v. | ) | No. 05-5078-CV-S-DW |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security Administration, | ) | |
|                 Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's motion to proceed *in forma pauperis* (IFP). (Doc. No. 1.) For the following reasons, the motion is denied.

The process for determining whether a plaintiff should be granted leave to proceed *in forma pauperis* consists of two steps. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). Id. If the plaintiff qualifies by economic status, then the court grants the application to proceed *in forma pauperis*, but must immediately also decide whether the action must be dismissed because it is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), fails to state a claim upon which relief may be granted, § 1915(e)(2)(B)(ii), or seeks monetary relief against a party immune from such damages, § 1915(e)(2)(B)(iii). See Stewart, 691 F.2d at 857.

Title 28 U.S.C. § 1915(a)(1) provides that a court may "authorize the commencement...of any suit...without prepayment of fees or security therefor, by a person who submits an affidavit...that the person is unable to pay such fees or give security therefor." In analyzing the plaintiff's economic status, the Court is guided by Local Rule 83.7's admonition that court fees and costs should not "cause the applicant to give up the basic necessities of life." Local Rule 83.7(4).

Here, Plaintiff's affidavit of financial status indicates that she is married, has no dependents, and is unemployed. Plaintiff states that she resides with her husband in a rental home. She and her husband own two vehicles, valued at around $3,000, and have $715.00 in cash on hand. Plaintiff's husband works as an iron worker receiving a monthly net income of $3,099.48. The couple's monthly expenses, including rent and groceries, total $1,245.00. Subtracting their monthly expenses from the household income leaves Plaintiff and her husband with $1,245.00 per month in excess funds. After consideration of these facts, the Court is not convinced that Plaintiff will be deprived of the "basic necessities of life" if required to pay the fees and costs to proceed with this suit. Therefore, Plaintiff's economic status does not qualify her to proceed *in forma pauperis*.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date: August 8, 2005