IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWEST DIVISION

ROSEMARY NEAL,           )
                         )
    Plaintiff,            )
                         )
v.                        )         Case No. 05-5078-CV-SW-DW-SSA
                         )
JO ANNE B. BARNHART,      )
Commissioner of Social Security, )
                         )
    Defendant.            )

**ORDER**

Plaintiff Rosemary Neal seeks judicial review on a final decision of the Commissioner of Social Security Administration denying her application for benefits under Title II and Title XVI of the Social Security Act. On October 26, 2004, the administrative law judge[1] ("ALJ") found Plaintiff was not entitled to benefits under the Act. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully examining the entire record, the Court affirms the Commissioner's decision for the reasons set forth below.

I.    Standard of Review

The Court's review is limited to determining whether the Commissioner's "determination is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's determination." Id. The reviewing court must consider the whole record, including evidence that supports the Commissioner's decision as well as

---

[1] The Honorable William C. Thompson, Jr.

1

evidence that detracts from it. Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006). Existence of substantial evidence supporting a contrary outcome does not require that the reviewing court reverse. Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005). So long as the Commissioner's decision is supported by substantial evidence on the record, the reviewing court must affirm. Raney v. Barnhart, 396 F.3d 1007, 1009 (8th Cir. 2005).

II. Discussion

The complete facts and arguments are presented in the parties' briefs, and will be duplicated herein only to the extent necessary. Plaintiff asserts that the ALJ committed four errors, specifically that the ALJ erred by: (1) improperly assessing Plaintiff's credibility, (2) improperly evaluating the severity of Plaintiff's impairments, (3) improperly weighing the opinions of treating and non-treating physicians, and (4) improperly determining Plaintiff's Residual Functional Capacity ("RFC").

A. Credibility Assessment

The ALJ found Plaintiff not fully credible as to her limitations and impairments. Plaintiff challenges this decision arguing that the ALJ did not provide an appropriate basis for discounting Plaintiff's testimony.

The burden of deciding questions of fact, such as the credibility of a claimant's subjective complaints, rests primarily with the Commissioner and not with the courts. Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003). Generally, courts defer to ALJ credibility determinations that are supported with good reasons and substantial evidence. Guilliams v. Barnhart, 393 F.3d at 801. In making credibility determinations, the ALJ must consider objective medical evidence, as well as any evidence relating to the so-called Polaski factors, namely: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage,

2

effectiveness and side effects of medication; and (5) functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). However, the ALJ is not required to discuss each Polaski factor methodically. Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) In addition, subjective complaints, such as severity of impairments, may be discounted if there are inconsistencies found in the evidence as a whole. Polaski v. Heckler, 739 F.2d at 1322.

In this case, the ALJ properly discredited the Plaintiff's subjective complaints on three bases. First, the ALJ noted that Plaintiff was not receiving any medical care for her hepatitis C. In this circuit, failure to seek regular medical treatment is inconsistent with subjective complaints of disabling pain. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003). Second, although Plaintiff was found to have a severe impairment of pulmonary fibrosis, she ignored the diagnosis and recommendations given to her by physicians and continues to smoke more than a pack of cigarettes a day. (Tr. 296.) Failure to follow prescribed medical treatment is also inconsistent with subjective complaints of a disabling condition. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004). Third, the ALJ found Plaintiff's subjective complaints inconsistent with the medical evidence showing Plaintiff could stand, sit, walk, handle objects, lift ten pounds frequently, and twenty pounds occasionally. (Tr. 114 and 147.) For these reasons, the Court finds that the ALJ's credibility determination is supported by substantial evidence on the record as a whole.

      B.    Severity of Impairments

The ALJ found that Plaintiff had severe impairments from her hepatitis C and pulmonary fibrosis. However, Plaintiff argues that the ALJ erred in finding Plaintiff's other claimed conditions—depression, anxiety, degenerative disc disease of the cervical spine, and stress incontinence—were not severe.

Plaintiff has the burden of establishing that her impairments significantly limit her mental or physical ability to work. If an impairment is found only to have a minimal effect on Plaintiff's ability to work then it cannot be considered severe in the sequential evaluation process. Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996). Failure to seek psychiatric treatment is inconsistent with claims of a disabling mental or emotional condition. Holland v. Apfel, 153 F.3d 620, 622 (8th Cir. 1998); Gowell v. Apfel, 242 F.3d 793, 798 (8th Cir. 2001). Additionally, impairments that can be controlled by treatment or medication are not considered disabling. See Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993).

Plaintiff testified that she was not seeking treatment for mental or emotional problems at the time of the hearing. (Tr. 294.) Plaintiff also denied being suicidal (Tr. 218), stated that her anti-depressant medication was working well (Tr. 159), and asserted that she was "feeling well." (Tr. 212.) The ALJ noted that there was no evidence presented showing Plaintiff's stress incontinence and degenerative disc disease would significantly limit Plaintiff's ability to work. (Tr. 18.) Indeed, Plaintiff's brief only lists the fact that Plaintiff has these conditions, but fails to demonstrate how they would affect her ability to work. (Pl. Brief at 27). After a careful review, the Court finds that the record contains sufficient evidence to support the ALJ's decision concerning the severity of Plaintiff's impairments.

    C.    Treating Physicians

The opinions of Plaintiff's treating physicians, Dr. Neil and Dr. Freitas, were given slight weight by the ALJ in his determination. Plaintiff argues that this is reversible error.

Generally, the opinions of the claimant's treating physicians are entitled to controlling weight if they are supported by and not inconsistent with the substantial medical evidence in the record.

Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). However, the ALJ may discount the opinion of a treating physician if it is not supported by medical diagnoses based on objective evidence. See Bates v. Chater, 54 F.3d 529, 532 (8th Cir. 1995).

Dr. Neil's reports included a checklist of statements that assessed Plaintiff's ability to work with no medical evidence to support these conclusions. (Tr. 134-35.) The majority of Dr. Neil's notes reference problems Plaintiff has with her marriage, daughter, and recent deaths of certain people. (Tr. 130-33, 212-15.) The most recent notes indicate that Plaintiff was "doing well" and getting along with her daughter and husband. The ALJ also found Dr. Freitas' assessment of Plaintiff's limitations unsupported by any explanatory bases and inconsistent with the record. (Tr. 19). Further, Dr. Neal's and Dr. Freitas's statements regarding Plaintiff's limitations are inconsistent with Plaintiff's own testimony and other physicians' opinions, including Dr. Subramamian's diagnosis. (Tr. 18-20). The Court finds that the ALJ's decision declining to give controlling weight to the opinions of Drs. Neil and Freitas is supported by substantial evidence on the record as a whole.

D. Residual Functional Capacity (RFC)

Plaintiff was found to have the RFC to perform a significant range of light work. (Tr. 22). "'Residual functional capacity' is what the claimant is able to do despite limitations caused by all of the claimant's impairments." McGeorge v. Barnhart, 321 F.3d 766, 768 (8th Cir. 2003). The ALJ determines the RFC from all relevant evidence. Reed v. Barnhart, 399 F.3d 917, 922 (8th Cir. 2005). In assessing Plaintiff's RFC, the ALJ discussed the various medical opinions and evidence in the record. (Tr. 18-20.) As the medical evidence and credible testimony are consistent with the ALJ's determination, the Court finds that the ALJ properly assessed Plaintiff's RFC.

III. Conclusion

After a careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits and supplemental security income (SSI) is AFFIRMED.

IT IS SO ORDERED.


Date:   July 24, 2006                                           /s/ DEAN WHIPPLE
                                                                Dean Whipple
                                                                United States District Court